IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LARUNCE PIPKIN, § <br> § <br> § <br> Plaintiff, § <br> § CIVIL ACTION NO: 1:19-cv-00650 <br> vs. § <br> § <br> L.L.C., INC. d/b/a PERFECT 10 MEN'S § <br> CLUB, GLENN WILLIAMS, WILLIAM § <br> COX, and TERESA THOMPSON § <br> § <br> § <br> § <br> Defendants. § | |

## COMPLAINT
*[Jury Trial Demanded]*

Plaintiff LARUNCE PIPKIN files his Complaint against L.L.C., INC. d/b/a PERFECT 10 MEN's CLUB, GLENN WILLIAMS, WILLIAM COX, and TERESA THOMPSON and alleges as follows:

### SUMMARY

1. L.L.C., INC. d/b/a PERFECT 10 MEN's CLUB, GLENN WILLIAMS, WILLIAM COX, and TERESA THOMPSON (hereinafter Collectively "Defendants") required and/or permitted LARUNCE PIPKIN (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas because Defendants engage in business here.

## THE PARTIES

6. Plaintiff LARUNCE PIPKIN is over eighteen years of age and a resident of Texas.

7. Defendants GLENN WILLIAMS, WILLIAM COX, and TERESA THOMPSON are each over eighteen years of age and residents of Texas.

8. Defendant L.L.C., INC. is a domestic for-profit corporation operating as a gentleman's club in Texas.

## COVERAGE

9. Defendant L.L.C., INC. is an enterprise that engages in commerce or in the production of goods for commerce.

10. Defendants GLENN WILLIAMS, WILLIAM COX, and TERESA THOMPSON were the managing agents of L.L.C., INC., said Defendants acted and act directly in the interests of the Defendant L.L.C., INC. Defendants GLENN WILLIAMS, WILLIAM COX, and TERESA THOMPSON effectively dominated L.L.C., INC. administratively, or otherwise act, or have the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendants GLENN WILLIAMS, WILLIAM COX, and TERESA THOMPSON were each an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff

12. Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

13. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

14. In furtherance of Defendants' business, Defendants' employees, including Plaintiff, handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce, such as telephones, credit card machines, food, and/or beverages, thus affording him the protections of the FLSA.

## FACTUAL ALLEGATIONS

15. Defendants operate as a gentleman's night club in or around the south Texas area.

16. Plaintiff was employed by Defendants as an assistant manager from on or about February 1, 2014 through on or about February 1, 2019.

17. Defendants compensated Plaintiff at a rate of $190.00 per shift worked. However, if Plaintiff worked a shift that was less than eight (8) hours long, Defendants would not compensate Plaintiff the full $190.00. Defendants never explained to Plaintiff how or why they would arbitrarily reduce his compensation for shorter shifts worked.

18. Plaintiff approximates that he worked an average of 45 to 50 hours per week for Defendants.

19. In addition to arbitrarily lowering Plaintiff's daily rate, Defendants also refused to compensate Plaintiff any overtime compensation.

20. Plaintiff did not receive his time-and-a-half overtime compensation in violation of the FLSA and instead received a flat day rate for every shift worked, unless of course when it was arbitrarily reduced by Defendants.

21. Defendants improperly classified Plaintiff as exempt for FLSA purposes.

22. By way of example, for the week ending January 21, 2017, Plaintiff worked 46.86 hours for Defendant without any additional overtime compensation for the 6.86 overtime hours worked.

## CAUSES OF ACTION
### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

23. Plaintiff incorporates all allegations contained in the preceding paragraphs.

24. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

25. Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

26. Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

27. As a result of Defendants' failure to compensate its employees, including Plaintiff, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. §201, Et Seq.

28. Accordingly, Plaintiff is entitled to unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

29. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

30.     Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

31.     Plaintiff is entitled to have the limitations period extended to three years because Defendants' actions were willful.  29 U.S.C. § 216(b).

32.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one-half times his regular rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued up to three years;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. pre-judgment and post judgment interest at the highest rates allowed by law; and

F. such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
Federal Bar No.: 55409FL
George Z. Goldberg
Federal Bar No. 031186FL
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:      (954) 585-4886
jloren@goldbergloren.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*